**STATE of Missouri, Respondent,**

v.

**Elvera RUSSELL, Appellant.**

**No. 39772.**

Missouri Court of Appeals,
St. Louis District,
Division Three.

Nov. 28, 1978.

Thomas E. Shipp, Jr., Sp. Asst. Public
Defender, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert
Otto, Asst. Atty. Gen., Jefferson City,
George A. Peach, Circuit Atty., St. Louis,
for respondent.

CLEMENS, Judge.

A jury found defendant Elvera Russell
guilty of second-degree murder and the
judgment imposed fifteen years' imprison-
ment. She has appealed, challenging only
the seating of two jurors.

First, the trial court denied defendant's
challenge for cause as to venireman Tommy
Threlkeld. Mr. Threlkeld stated on voir
dire that he had an opinion of defendant's
guilt from reading a newspaper account;
he was asked if he could put that out of his
mind and determine the facts only as they
came from the witness stand. According to
the original transcript, which the state chal-
lenged, Mr. Threlkeld answered, "I don't
think so." This answer is the gist of de-
fendant's present point that the trial court
erred in denying her challenge to the ve-
nireman.

Pursuant to Rule 81.12(c), the trial court
held an evidentiary hearing on the state's
motion to correct the transcript by striking
the word "don't" from Mr. Threlkeld's an-
swer. Based on testimony of juror Threl-
keld, both trial counsel and the court re-
porter—and on the trial court's own recol-
lection—the transcript was ordered correct-
ed to change Mr. Threlkeld's answer from
"I don't think so" to "I think so." Defend-
ant does not challenge the trial court's cor-
rection order.

Considering the transcript as thus
corrected, we find the trial court did not err
in denying defendant's challenge to venire-
man Threlkeld and her first point is denied.

Defendant's second point relied on is
unique and does not charge a trial court
error. After final judgment, for the first
time on appeal, defendant declares that she
had learned one of the jurors, Mary E.
Fetch, *might* have failed to disclose her
membership in "The Women's Crusade

Against Crime" and her relationship with members of the St. Louis Police Department and the Circuit Attorney's office. Defendant contends she was thus precluded from having a fully qualified jury panel.

■ Because defendant contends this was "plain error," we have examined the voir dire. The jurors were questioned in general by the court—and Mrs. Fetch in detail—by both counsel. No question called for an answer about Mrs. Fetch's alleged relationships which defendant now challenges. The challenge is nebulous and the record affords no basis for us to conclude under Rule 79.04 that defendant suffered from manifest injustice or miscarriage of justice. The denial of defendant's point on appeal is without prejudice to her right, if any, to seek relief under Rule 27.26.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.